UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARON L. JONES, SR.**, *et al.*,

        **Plaintiffs,**                              Civil Action 2:20-cv-3301
    v.                                          Judge Sarah D. Morrison
                                                  Magistrate Judge Elizabeth P. Deavers

**MIKE DEWINE,** *et al.*,

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

On May 6, 2020, twenty-one Plaintiffs, proceeding without the assistance of counsel, filed this action. (ECF No. 1.) Plaintiffs initiated this action in the United States District Court for the Northern District of Ohio, but on June 29, 2020, the case was transferred to this Court. (ECF No. 4.) On August 26, 2020, the Court granted Plaintiff Aaron L. Jones, Sr. leave to proceed *in forma pauperis*, relying in part on Plaintiff Jones' declaration under penalty of perjury that he had only brought one other action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (ECF No. 16; *see also* ECF No. 14 at PAGEID # 80.) On March 19, 2021, the Undersigned recommended that the Court dismiss Plaintiffs' claims in their entirety, but grant leave to Plaintiff Jones to amend to develop his individual claims. (ECF No. 30.) On August 4, 2021, the Court adopted and affirmed the Report and Recommendation, and accepted Plaintiff Jones' Amended Complaint, ECF No. 31, as the operative complaint in this case. (ECF No. 37.)

On December 22, 2021, in the separately filed case *Jones v. Director of Department of Rehabilitations and Corrections, et al.*, S.D. Ohio Case No. 2:21-cv-5089, the Court found that

Plaintiff has failed to identify eight (8) cases which were dismissed pursuant to 28 U.S.C. § 1915(g):

> Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:
>
>> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).
>
> **Here, Plaintiff has more than three such dismissals, namely, the following eight cases were dismissed pursuant to § 1915**: *Jones v. Mahoning Cty. Courts*, 4:06-cv-1161 (N.D. Ohio); *Jones v. Municipal Judge Douglas*, 4:06-cv-2345 (N.D. Ohio); *Jones v. Warden Grafton Corr. Inst.*, 1:15-cv-1158 (N.D. Ohio); *Jones v. Ishee*, 1:17-cv-21 (N.D. Ohio); *Jones v. Ishee*, 17-3370 (6th Cir.); *Jones v. Grafton Corr. Inst. Staff*, 1:17-cv-2588 (N.D. Ohio); *Jones v. Grafton Corr. Inst. Staff*, 18-3467 (6th Cir.); *Jones v. Municipal Judge Douglas*, 4:10-cv-519 (N.D. Ohio).
>
> **In view of Plaintiff's multiple "strikes," he is deemed a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."** "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id*. (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

*Jones v. Director of Department of Rehabilitations and Corrections, et al.*, S.D. Ohio Case No. 2:21-cv-5089, ECF No. 6 at PAGEID ## 43-44 (emphasis added). The Undersigned takes

judicial notice of the Court's findings and extends those findings to Plaintiff in this case. *United States v. Mont*, 723 Fed. Appx. 325, 327 n.3 (6th Cir. 2018) ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record.") (citing *Lyons v. Stovall*, 188 F.3d 327, 332, n.3 (6th Cir. 1999) (brackets, quotation marks, and citation omitted)).

Accordingly, the Undersigned finds that Plaintiff is a "three striker" under 28 U.S.C. § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To that end, Plaintiff does not meet the statutory exception, as he only appears to claim that: (i) he has been denied treatment for his bronchitis; (ii) he has not been able to make regular medical appointments because of the Covid-19 pandemic; and (iii) Defendants have violated provisions of the Ohio Administrative Code pertaining to inmates' living spaces and Belmont Correctional Institution's common areas, consistent with the other claims which previously were dismissed in this case. (*See* ECF No. 31 at PAGEID ## 224-228.) Although Plaintiff alleges that he "fears for his life, and his safety, from the possibility of serious physical and mental effects of contracting Covid-19 again, and or death," *see* ECF No. 31 at PAGEID # 227, ¶ 26, the Court finds that Plaintiff has not plausibly alleged "imminent danger of serious physical injury" as required by 28 U.S.C. 1915(g).

Because Plaintiff made a material misrepresentation on his application to proceed *in forma pauperis* by failing to disclose all of his previously dismissed cases, *see* ECF No. 14 at PAGEID # 80, and because Plaintiff does not fall within the statutory exception set forth in 28 U.S.C. § 1915(g), the Undersigned **WITHDRAWS IN PART** its Order, ECF No. 16, which granted Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 14. Plaintiff's prior application for leave to proceed *in forma pauperis*, ECF No. 9, shall still be denied as moot.

(ECF No. 16.)  The Undersigned further **RECOMMENDS** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 14, be **DENIED**; that Plaintiff be required to pay the entire $402 filing fee within **THIRTY (30) DAYS** of an Order adopting this Report and Recommendation; and that Plaintiff be notified that his failure to pay the full fee within thirty (30) days will result in the dismissal of the action.  *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).  It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

**Date: December 30, 2021**　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**