IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON L. JONES, SR., *et al.*,

        Plaintiffs,                      Civil Action 2:20-cv-3301
    v.                                   Judge Sarah D. Morrison
                                          Magistrate Judge Elizabeth P. Deavers

MIKE DEWINE, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

On May 6, 2020, twenty-one Plaintiffs, state inmates under the supervision of the Ohio Department of Rehabilitation and Corrections at the Belmont Correctional Institution, proceeding without the assistance of counsel, filed this putative class action under 42 U.S.C. § 1983 against Governor Mike DeWine and the ODRC.  (ECF No. 1.)  Plaintiffs initiated this action in the United States District Court for the Northern District of Ohio, but on June 29, 2020, the case was transferred to this Court.  (ECF No. 4.)  On August 26, 2020, the Court granted Plaintiff Aaron L. Jones, Sr. leave to proceed *in forma pauperis*.  (ECF No. 16.)

On March 19, 2021, the Court dismissed six Plaintiffs who decided to pursue their claims in a related case, *Joseph Shine-Johnson, et al. v. Mike DeWine, et al.*, S.D. Ohio Case No. 20-cv-5919.  (ECF No. 30.)  The Undersigned also performed an initial screen of the operative Amended Complaint, ECF No. 22, and recommended that the Court dismiss Plaintiffs' claims in their entirety, but grant leave to Plaintiff Jones to amend to develop his individual claim(s).  (*Id.*) Specifically, the Undersigned recommended that the Court dismiss Plaintiffs' claims regarding their conditions of confinement during the COVID-19 pandemic and regarding certain defendants' alleged medical deliberate indifference.  (*Id.* at PAGEID ## 205-217.)  The

Undersigned also recommended that the Court grant Plaintiff Jones leave to amend to develop any individual claims he may have, separate from the COVID-19 and medical deliberate indifference claims asserted by all Plaintiffs. (*Id.* at PAGEID ## 218-219.) The Undersigned advised Plaintiff Jones that "should the Court allow it, any forthcoming Amended Complaint shall be limited to his, and only his individual claims." (*Id.* at PAGEID # 219.) On August 4, 2021, the Court adopted the Report and Recommendation. (ECF No. 37.) Because Plaintiff Jones had filed an Amended Complaint prior to the Court's adoption of the Report and Recommendation,[1] the Court ordered that "Mr. Jones' Amended Complaint shall be deemed filed as of the date of this Opinion and Order." (ECF No. 37 at PAGEID # 361.)

Accordingly, this matter is now before the Court for an initial screen of Plaintiff Jones' Second Amended Complaint, ECF No. 31, under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of the Second Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff Jones' claims in their entirety and to close this case.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

---

[1] Plaintiff filed Petitioner, Aaron L. Jones Sr.'s Amended Complaint Pursuant the Rendering Conducted March 19th, 2021 in this Honorable Court and Objection (the "Second Amended Complaint") on April 6, 2021. In its August 4, 2021 Opinion and Order, the Court noted that "[e]mploying the wide latitude Mr. Jones' *pro se* status requires, the filing does not specify any discernible objections to the R&R." (ECF No. 37 at PAGEID ## 360-361.) To be clear, the Second Amended Complaint is the operative pleading under scrutiny in the subject initial screen.

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[2] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Upon close review, the Undersigned concludes that Plaintiff Jones' Second Amended Complaint is substantially identical to the First Amended Complaint.  Indeed, the Second Amended Complaint merely repeats verbatim a number of the allegations from the First Amended Complaint, and it is clear to the Undersigned that Plaintiff Jones' individual claims

substantially overlap with those previously dismissed by this Court, pertaining to Plaintiff's conditions of confinement during the COVID-19 pandemic.³ (*Compare, e.g.,* ECF No. 22 at PAGEID ## 127-132 *with* ECF No. 31 at PAGEID ## 224-228.) Beyond those conditions of confinement allegations, Plaintiff Jones also realleges that he "has bronchitis, and CANNOT receive breathing treatments," but he does ***not*** appear to be making a claim for medical deliberate indifference. (ECF No. 31 at PAGEID # 228, ¶ 38.)

Accordingly, notwithstanding the Court's leave for Plaintiff to amend his claims, the Undersigned is left in the same position as in the initial Report and Recommendation, when the Undersigned noted as follows:

> Even reading the Declaration as part of the Amended Complaint, the [Undersigned] cannot conclude that Plaintiff Jones has stated a claim upon which relief can be granted at this point. First, it is unclear against whom Plaintiff Jones asserts his allegations, as neither the Amended Complaint nor the Declaration identifies any Defendants by name. It is unclear, for example, whether Plaintiff Jones intends to assert claims against the unnamed nurses who refused to provide treatment, or if he intends to asserts claims against any of the ODRC Defendants. Although respectful of Plaintiff's *pro se* status, this Court is not permitted to guess what claims Plaintiff asserts, let alone against which Defendant(s) he asserts such claims.

(ECF No. 30 at PAGEID # 218 (internal citations omitted).) The same holds true for the Second Amended Complaint. Despite Plaintiff's allegation that he cannot receive breathing treatments, the Undersigned sees nothing to suggest that Plaintiff intends to assert claims against any unnamed staff who may have refused to provide such treatment. Rather, the Undersigned believes that Plaintiff has used his right to amend merely to clarify, repeatedly, that he seeks compassionate release:

---

³ For the reasons discussed in the Undersigned's March 19, 2021 Order and Report and Recommendation, and because the Court already dismissed these claims, the Undersigned again **RECOMMENDS** that such claims be **DISMISSED**.

- ECF No. 31 at PAGEID # 229, ¶ 41: "Plaintiff **seeks a compassionate release**" (bold emphasis added);

- *Id.* at PAGEID # 229, ¶ 43: "This honorable Court has the due diligence to agree with *Wilson v. Williams* 961 F.3d at 840 and *Tubbs Smith vs. United States* 2020 U.S. Dist. Lexis 116626, **where THAT Plaintiff, with chronic care issues, as THIS Plaintiff, was released under compassionate release**, (VIA 18 U.S.C. § 3582 (C)(1)(A)(i)) **in which this Plaintiff seeks release under**" (bold emphasis added);

- *Id.* at PAGEID # 229, ¶ 46: "The Court CANNOT conclude that Plaintiff has stated a claim upon which relief can be granted at this point, as articulated from this report, but **releasing people medically invulnerable to contracting COVID, is NOT hard to comprehend**" (bold emphasis added);

- *Id.* at PAGEID # 230, ¶ 46: "Thus [Plaintiff is] **requesting compassionate release**" (bold emphasis added);

- *Id.* at PAGEID # 231, ¶ 51: "Plaintiff has been AND WILL continue to be irreparably injured by the conduct OR lack of it, of the Defendant(s) UNLESS THIS Honorable Court GRANTS the declaratory and injunctive relief which Plaintiff seeks, **ALONG with his compassionate release request**" (bold emphasis added); and

- *Id.* at PAGEID # 231, Prayer for Relief: "Plaintiff **wishes his compassionate release** due to his SERIOUS health concerns that the Defendants are restricted to ascertain. Plaintiff **wishes that this Honorable Court GRANTS him his compassionate release** request" (bold emphasis added).

Accordingly, even reading Plaintiff's *pro se* pleading liberally, the Undersigned is left no choice but to construe the Second Amended Complaint as a request for compassionate release.

This, however, is another claim already dismissed by this Court, which held in its August 23, 2021 Opinion and Order as follows:

> Mr. Jones' Memorandum Contra seemingly seeks compassionate release from state custody under 18 U.S.C. § 3582 due to COVID-19 as he alleges that he has heart problems, breathing issues, and diabetes. (ECF No. 40, PageID 376-77.) The Court is without authority to address this aspect of his Motion, as Mr. Jones's sentence was rendered by a state court. *See United States v. Farley*, No. 17-0211-WS, 2019 U.S. Dist. LEXIS 155483, at *3 (S.D. Ala. Sep. 12, 2019) (holding "federal compassionate release procedures have no application to a defendant serving a state sentence, and this Court lacks authority to order compassionate release of a defendant in state custody.").

(ECF No. 41 at PAGEID # 381.) For the reasons already explained in the Court's August 23, 2021 Opinion and Order, the Court remains powerless to grant Plaintiff Jones the compassionate release he seeks. Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff Jones' request for a compassionate release.

### III.

For the reasons stated above, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff Jones' claims in their entirety and close this case.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: June 3, 2022**               /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**